BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SHIPPING CORPORATION OF INDIA LTD.,<br><br>Plaintiff,<br><br>-against-<br><br>JALDHI OVERSEAS PTE LTD.,<br><br>Defendant. | 08 Civ. 4328 (JSR)<br><br>**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S <u>OPPOSITION TO MOTION</u>** |

STATE OF NEW YORK   )
                                      : ss.:
COUNTY OF NEW YORK )

    JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I submit this affidavit in support of Plaintiff's opposition to the motion to vacate or reduce the issuance of process of maritime attachment and garnishment of the property of defendant JALDHI OVERSEAS PTE LTD. ("Jaldhi").

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SHIPPING CORPORATION OF INDIA LTD.,<br><br>Plaintiff,<br><br>-against-<br><br>JALDHI OVERSEAS PTE LTD.,<br><br>Defendant. | 08 Civ. 4328 (JSR)<br><br>**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S <u>OPPOSITION TO MOTION</u>** |

STATE OF NEW YORK   )
                               : ss.:
COUNTY OF NEW YORK )

    JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I submit this affidavit in support of Plaintiff's opposition to the motion to vacate or reduce the issuance of process of maritime attachment and garnishment of the property of defendant JALDHI OVERSEAS PTE LTD. ("Jaldhi").

2. I attach as Exhibit 1 hereto a copy of the Federal Maritime Commission's webpage of "Controlled Carriers" showing, inter alia, that Plaintiff is a "controlled carrier" as defined in 46 U.S.C. app. 1702(3).

3. I attach as Exhibits 3 and 4 an exchange of emails relating to the release of the $184,157.90 (the "Surplus") attached over the amount sought in the amended complaint dated May 14, 2008.

4. On or about May 16, 2008, Jaldhi's counsel asked if excess funds over the sums attached had been released. I emailed Jaldhi's counsel (Wanchoo Aff. Ex. 5) asking if, after we had ceased service, Jaldhi had made "originator" transfers (EFTs).

5. Mr. Wanchoo replied asking if SCI intend to release the "excess" funds but declining to confirm whether, after our cease and desist notice and before we commended re-service, Jaldhi had made originator EFTs.

6. On May 22, 2008 Jaldhi disclosed the identity of the originator/beneficiary EFTs in its counsel's affidavit ("Affidavit").

7. I emailed Mr. Wanchoo to object to the Affidavit on the basis that we had "asked the garnishee banks to release the EFTs attached over the sum of the original attachment order" (with copy to Mr. Wanchoo) "but as you refused to advise which eft was an originator eft as opposed to a beneficiary eft ... your own refusal to answer our email is simply game playing ..." Ex. 2, p. 3.

8. Mr. Wanchoo replied stating that the "originator versus beneficiary information is shown" in his Affidavit and that "[y]ou can also obtain this information from the Bank of New York ...". Ex. , p. 2.

9. I objected to the suggestion that SCI was obliged to obtain that information from the bank because Jaldhi declined to provide it. Id. I also asked the bank to release the surplus from any beneficiary EFT "unless Mr. Wanchoo has a preference." Id.

10. On May 23, 2008 Mr. Wanchoo advised the Bank he would obtain "remittance details" (Id.).

11. Later on May 23, 2008 he provided the bank those remittance details. Ex. 3.

12. On May 27, 2008 the Bank identified five beneficiary EFTs and asked me which one the release of the Surplus should be made from. Ex. 2, p. 1.

13. I replied, copy to Mr. Wanchoo, that was "Mr. Wanchoo's call …". Id.

14. Mr. Wanchoo, by email dated May 27, 2008 selected an EFT. Ex. 4.

15. The implied suggestion that SCI's counsel should have, in face of the refusal of Jaldhi's counsel to so advise, identified a beneficiary EFT and directed the Garnishee's bank as to which EFT the Surplus should be released from and to what account (as finally provided by Jaldhi's counsel) it should be directed is without merit.

                                                                                                Jeremy J.O. Harwood

Sworn to before me this
28th day of May, 2008

_____
Notary Public KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

# EXHIBIT 1

Case 1:08-cv-04328-JSR   Document 11-2   Filed 05/28/2008   Page 1 of 4

# FEDERAL MARITIME COMMISSION

S　E　R　V　E　D
May 5, 2005
FEDERAL MARITIME COMMISSION

FEDERAL MARITIME COMMISSION
CONTROLLED CARRIERS UNDER
THE SHIPPING ACT OF 1984

AGENCY: Federal Maritime Commission.

ACTION: Notice.

SUMMARY: The Federal Maritime Commission is publishing an updated list of controlled carriers, i.e., ocean common carriers operating in U.S.-foreign trades that are owned or controlled by foreign governments. Such carriers are subject to special regulatory oversight by the Commission under the Shipping Act of 1984.

FOR FURTHER INFORMATION CONTACT:

Amy W. Larson, General Counsel
Federal Maritime Commission
800 North Capitol Street, N.W.
Washington, D.C. 20573
(202) 523-5740

SUPPLEMENTARY INFORMATION:

The Federal Maritime Commission is publishing an updated list of controlled carriers. Section 3(8) of

the Shipping Act of 1984 ("Act@), 46 U.S.C. app. ' 1702(3), defines a "controlled carrier" as:

an ocean common carrier that is, or whose operating assets are, directly or indirectly, owned or controlled by a government; ownership or control by a government shall be deemed to exist with respect to any carrier if--

(A) a majority portion of the interest in the carrier is owned or controlled in any manner by that government, by any agency thereof, or by any public or private person controlled by that government; or

(B) that government has the right to appoint or disapprove the appointment of a majority of the directors, the chief operating officer, or the chief executive officer of the carrier.

As required by the Shipping Act, controlled carriers are subject to special oversight by the Commission.

Section 9(a) of the Act, 46 U.S.C. app. ' 1708(a), states, in part:

No controlled carrier subject to this section may maintain rates or charges in its tariffs or service contracts, or charge or assess rates, that are below a level that is just and reasonable, nor may any such carrier establish, maintain, or enforce unjust or unreasonable classifications, rules, or regulations in those tariffs or service contracts. An unjust or unreasonable classification, rule, or regulation means one that results or is likely to result in the carriage or handling of cargo at rates or charges that are below a just and reasonable level. The Commission may, at any time after notice and hearing, prohibit the publication or use of any rates, charges, classifications, rules, or regulations that the controlled carrier has failed to demonstrate to be just and reasonable.

Congress enacted these protections to ensure that controlled carriers, whose marketplace decision making can be influenced by foreign governmental priorities or by their access to non-market sources of capital, do not engage in unreasonable below-market pricing practices which could disrupt trade or harm privately-owned shipping companies.

The controlled carrier list is not a comprehensive list of foreign-owned or -controlled ships or shipowners; rather, it is only a list of ocean common carriers (as defined in section 3(16) of the Act) that are owned or controlled by governments. Thus, tramp operators and other non-common carriers are not included, nor are non-vessel-operating common carriers, regardless of their ownership or control.

Since the last publication of this list on June 9, 2003 (68 FR 34388), the Commission has newly classified two ocean common carriers as controlled carriers. On September 27, 2004, American President Lines, Ltd. and APL Co. Pte, Ltd. (one ocean common carrier designated "APL") was classified as a carrier controlled by the Government of the Republic of Singapore ("GOS"). The majority ownership of APL's parent company, Neptune Orient Lines ("NOL") had been purchased by a GOS controlled holding company. On November 29, 2004, the Commission classified China Shipping (Hong Kong), Ltd. ("CSHK") as a carrier controlled by the Government of the People's Republic of China. CSHK was a new entrant in the U.S.-foreign trades. Neither APL nor CSHK raised any objections to these classifications.

It is requested that any other information regarding possible omissions or inaccuracies in this list be provided to the Commission=s Office of the General Counsel. <u>See</u> 46 C.F.R. § 501.23. The amended list of currently classified controlled carriers and their corresponding Commission-issued Registered Persons Index numbers is set forth below:

(1)     American President Lines, Ltd and APL Co., Pte. (RPI No. 000240) – Republic of Singapore;

(2)     Ceylon Shipping Corporation (RPI No. 016589) – Democratic Socialist Republic of Sri Lanka;

(3)     COSCO Container Lines Company, Limited (RPI No. 015614) - People's Republic of China;

(4)     China Shipping Container Lines Co., Ltd. (RPI No. 016435) - People's Republic of China;

5)     China Shipping Container Lines (Hong Kong) Company, Ltd. (RPI No. 019269) – People's Republic of China;

(6)     Compagnie Nationale Algerienne de Navigation (RPI No. 000787)- People's Democratic Republic of Algeria;

(7)     Sinotrans Container Lines Co., Ltd. (d/b/a Sinolines)(RPI No. 017703) B People=s Republic of China;

(8)     Shipping Corporation of India Ltd., The (RPI No. 001141) – Republic of India.


By the Commission.




                                Bryant L. VanBrakle
                                Secretary

# EXHIBIT 2

### Harwood, Jeremy J.O.

**To:** Lilian Philiposian; Rahul Wanchoo
**Cc:** Carl Buchholz; Kevin McGee; Kenneth Manyin
**Subject:** RE: SCI v. Jaldhi Overseas

That is Mr Wanchoo's call that I had asked him to make sometime ago . Best regards

**Jeremy J.O. Harwood | Blank Rome LLP**
The Chrysler Building, 405 Lexington Avenue | New York, NY 10174-0208
Phone: 212.885.5149 | Fax: 917.332.3720 | Email: JHarwood@BlankRome.com

---

**From:** Lilian Philiposian [mailto:LPhiliposian@rawle.com]
**Sent:** Tuesday, May 27, 2008 1:53 PM
**To:** Rahul Wanchoo; Harwood, Jeremy J.O.
**Cc:** Carl Buchholz; Kevin McGee; Kenneth Manyin
**Subject:** RE: SCI v. Jaldhi Overseas

Rahul, Jeremy:

In response to your correspondence below, the only wire originating from Jaldhi Overseas is in the amount of $282,726.35, restrained May 13, 2008 at the Bank of New York Mellon. The following restrained funds were being wire transferred to Jaldhi Overseas and also restrained at the Bank of New York Mellon:

$2,377,533.90 restrained May 13, 2008
$1,399,960.00 restrained May 14, 2008
$449,960.00 restrained May 14, 2008
$269,363.72 restrained May 14, 2008
$36,861.10 restrained May 14, 2008

Please advise from which of the above restrained funds the Bank of New York should release the amount of $184,157.90 to Jaldhi Overseas as directed by you below and pursuant to the banking instructions provided by Rahul Wanchoo on May 23, 2008.

Best regards,


Lilian V. Philiposian, Esquire
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
215-575-4237 - Phone
215-563-2583 - Fax

    -----Original Message-----
    **From:** Rahul Wanchoo [mailto:rwanchoo@wanchoolaw.com]
    **Sent:** Friday, May 23, 2008 11:40 AM
    **To:** 'Harwood, Jeremy J.O.'

**Cc:** Lilian Philiposian
**Subject:** RE: SCI v. Jaldhi Overseas

Mr. Harwood – Thank you for complying with our request and releasing the $184,157.90 to Jaldhi as beneficiary of these funds. For Lilian, who reads in copy, I am obtaining instructions from the client regarding the remittance details and will revert once the instructions are in hand. With regards to your question about EFTs originating from Jaldhi, please see paragraph 8 of my affidavit which identifies Jaldhi as the originator of $282,726.35 payable to Bridge Oil Ltd.
Best regards,
Rahul Wanchoo
Law Offices of Rahul Wanchoo
Phone:(646) 593-8866
Fax:    (212) 618-0213
Mobile:(201) 694-5235
E-mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

CONFIDENTIALITY NOTICE
THE INFORMATION AND MATERIAL CONTAINED IN THIS E-MAIL MESSAGE ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY BE PRIVILEGED AND CONFIDENTIAL ATTORNEY COMMUNICATION. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE INSTRUCTED NOT TO DISCLOSE, COPY OR DISTRIBUTE THIS COMMUNICATION AND ARE NOT AUTHORIZED TO TAKE ANY ACTION WITH RESPECT TO IT OTHER THAN TO ASSURE ITS PROPER DELIVERY TO THE PERSON TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE TO ARRANGE FOR ITS PROPER RETURN OR DESTRUCTION.

**From:** Harwood, Jeremy J.O. [mailto:jharwood@BlankRome.com]
**Sent:** Friday, May 23, 2008 10:26 AM
**To:** Rahul Wanchoo
**Cc:** Lilian Philiposian
**Subject:** RE: SCI v. Jaldhi Overseas

Mr Wanchoo - Thanks for finally answering my question by reference to your affidavit rather than by reply to my email - your affidavit remains unprofessional and deliberately misleading - the suggestion I should have obtained the answer from the banks because of your refusal to provide it is puerile . Lillian please release the $184,157.90 from any one of the attached EFTS of which Jaldhi is a beneficiary unless Mr Wanchoo has a preference .Kindly also advise of any EFTS originating from Jaldhi . Regards

**Jeremy J.O. Harwood | Blank Rome LLP**
The Chrysler Building, 405 Lexington Avenue | New York, NY 10174-0208
Phone: 212.885.5149 | Fax: 917.332.3720 | Email: JHarwood@BlankRome.com

**From:** Rahul Wanchoo [mailto:rwanchoo@wanchoolaw.com]
**Sent:** Thursday, May 22, 2008 10:48 PM
**To:** Harwood, Jeremy J.O.
**Subject:** RE: SCI v. Jaldhi Overseas

As it is quite clear paragraph 7 of my affidavit refers to the **amended** complaint and not the original complaint. Thus, the affidavit is not misleading. What is the purpose of SCI amending its complaint to give credit to Jaldhi for the first hire payment and then failing to release any sums in excess of the amount sought as security in its amended complaint? Jaldhi once again reiterates its request that SCI release the surplus over the quantum in the amended complaint of **$4,689,247.00**. The originator versus beneficiary information is shown at paragraph 8 of my affidavit. You can also obtain this information from the Bank of New York where the funds have been restrained.
Best regards,

5/27/2008

Rahul Wanchoo
Law Offices of Rahul Wanchoo
Phone:(646) 593-8866
Fax:   (212) 618-0213
Mobile:(201) 694-5235
E-mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

CONFIDENTIALITY NOTICE
THE INFORMATION AND MATERIAL CONTAINED IN THIS E-MAIL MESSAGE ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY BE PRIVILEGED AND CONFIDENTIAL ATTORNEY COMMUNICATION. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE INSTRUCTED NOT TO DISCLOSE, COPY OR DISTRIBUTE THIS COMMUNICATION AND ARE NOT AUTHORIZED TO TAKE ANY ACTION WITH RESPECT TO IT OTHER THAN TO ASSURE ITS PROPER DELIVERY TO THE PERSON TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE TO ARRANGE FOR ITS PROPER RETURN OR DESTRUCTION.

**From:** Harwood, Jeremy J.O. [mailto:jharwood@BlankRome.com]
**Sent:** Thursday, May 22, 2008 6:31 PM
**To:** Rahul Wanchoo
**Subject:** RE: SCI v. Jaldhi Overseas

I refer to your misleading affidavit - You are perfectly aware that we asked the Garnishee Banks to release the EFTs attached over the sum of the original attachment order in respect of the unamended complaint because you were copied in on our correspondence to the Banks asking them to do so - we are also quite prepared to release the "surplus " over the quantum in the original complaint had you identified the sum but as you refused to advise which eft was an originator eft as opposed to a beneficiary eft so your assertion of improper practice to vacate the entire attachment based on your own refusal to answer our email is simply game playing and rather a waste of time . Kindly respond .
Regards

**Jeremy J.O. Harwood | Blank Rome LLP**
The Chrysler Building, 405 Lexington Avenue | New York, NY 10174-0208
Phone: 212.885.5149 | Fax: 917.332.3720 | Email: JHarwood@BlankRome.com

**From:** Rahul Wanchoo [mailto:rwanchoo@wanchoolaw.com]
**Sent:** Thursday, May 22, 2008 4:07 PM
**To:** Harwood, Jeremy J.O.
**Cc:** Mitchell, Neal
**Subject:** SCI v. Jaldhi Overseas

Dear Jeremy,
Please find attached Jaldhi's motion papers.
Best regards,
Rahul Wanchoo
Law Offices of Rahul Wanchoo
Phone:(646) 593-8866
Fax:   (212) 618-0213
Mobile:(201) 694-5235
E-mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

CONFIDENTIALITY NOTICE
THE INFORMATION AND MATERIAL CONTAINED IN THIS E-MAIL MESSAGE ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY BE PRIVILEGED AND CONFIDENTIAL ATTORNEY COMMUNICATION. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE INSTRUCTED NOT TO DISCLOSE, COPY OR DISTRIBUTE THIS COMMUNICATION AND ARE NOT AUTHORIZED TO TAKE ANY ACTION WITH RESPECT TO IT OTHER THAN TO ASSURE ITS PROPER DELIVERY TO THE PERSON TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE TO ARRANGE FOR ITS PROPER RETURN OR DESTRUCTION.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT 3

## Harwood, Jeremy J.O.

| | |
|---|---|
| **From:** | Rahul Wanchoo [pmag@wanchoolaw.com] |
| **Sent:** | Friday, May 23, 2008 1:59 PM |
| **To:** | 'Lilian Philiposian' |
| **Cc:** | Harwood, Jeremy J.O. |
| **Subject:** | RE: SCI v. Jaldhi Overseas |
| **Importance:** | High |

Dear Lilian,

I refer to Mr. Harwood's e-mail of this morning. Please transfer the $184,157.90 from any one of the attached EFTS of which Jaldhi is a beneficiary to Jaldhi's bank account, the details of which are as follows:

| | |
|---|---|
| Agent Bank: | Bank of New York, New York |
| Swift Code : | IRVTUS3N |
| Beneficiary Banker: | DBS Bank Limited, Singapore |
| Swift Code : | DBSSSGSG |
| Chips: | CHO34675 |
| Beneficiary: | JALDHI OVERSEAS PTE. LTD. |
| Beneficiary A/c: | FCCA(USD)-0003-001191-01-8-022 |

Kindly let us know when this has been done. Thanks.

Best regards,

Rahul Wanchoo
Law Offices of Rahul Wanchoo
Phone:(646) 593-8866
Fax:   (212) 618-0213
Mobile:(201) 694-5235
E-mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

**CONFIDENTIALITY NOTICE**

THE INFORMATION AND MATERIAL CONTAINED IN THIS E-MAIL MESSAGE ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY BE PRIVILEGED AND CONFIDENTIAL ATTORNEY COMMUNICATION. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE INSTRUCTED NOT TO DISCLOSE, COPY OR DISTRIBUTE THIS COMMUNICATION AND ARE NOT AUTHORIZED TO TAKE ANY ACTION WITH RESPECT TO IT OTHER THAN TO ASSURE ITS PROPER DELIVERY TO THE PERSON TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE TO ARRANGE FOR ITS PROPER RETURN OR DESTRUCTION.

# EXHIBIT 4

**Harwood, Jeremy J.O.**

**From:** Rahul Wanchoo [rwanchoo@wanchoolaw.com]
**Sent:** Tuesday, May 27, 2008 3:15 PM
**To:** 'Lilian Philiposian'; Harwood, Jeremy J.O.
**Cc:** 'Carl Buchholz'; 'Kevin McGee'; 'Kenneth Manyin'
**Subject:** RE: SCI v. Jaldhi Overseas

Thanks.

**From:** Lilian Philiposian [mailto:LPhiliposian@rawle.com]
**Sent:** Tuesday, May 27, 2008 3:04 PM
**To:** Rahul Wanchoo; Harwood, Jeremy J.O.
**Cc:** Carl Buchholz; Kevin McGee; Kenneth Manyin
**Subject:** RE: SCI v. Jaldhi Overseas

Rahul,

I will instruct the Bank to release the $184,157.90 from the $269,363.72 restrained on May 14, 2008.

I will confirm once the funds have been released.

Best regards,


Lilian V. Philiposian, Esquire
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
215-575-4237 - Phone
215-563-2583 - Fax

>-----Original Message-----
>**From:** Rahul Wanchoo [mailto:rwanchoo@wanchoolaw.com]
>**Sent:** Tuesday, May 27, 2008 2:26 PM
>**To:** 'Harwood, Jeremy J.O.'; Lilian Philiposian
>**Cc:** Carl Buchholz; Kevin McGee; Kenneth Manyin
>**Subject:** RE: SCI v. Jaldhi Overseas
>
>Dear Lilian,
>
>You can release the $184,157.90 from any one of the EFTs of which Jaldhi is the beneficiary. Thanks.
>
>Best regards,
>Rahul Wanchoo
>Law Offices of Rahul Wanchoo
>Phone:(646) 593-8866

5/27/2008