BLANK ROME LLP
Attorneys for Plaintiff
THE SHIPPING CORPORATION OF INDIA LTD.
Jeremy J. O. Harwood (JH 9012)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SHIPPING CORPORATION OF
INDIA, LTD.,
         Plaintiff,

-against-

JALDHI OVERSEAS PTE LTD.,
         Defendant.

08 Civ. 4328 (JSR)

### NOTICE OF FOREIGN LAW PURSUANT TO F. R. CIV. P. RULE 44.1

PLEASE TAKE NOTICE THAT, Plaintiff THE SHIPPING CORPORATION OF INDIA, LTD., pursuant to F. R. Civ. P. Rule 44.1 intends to raise issue of foreign law, namely of Indian law, as set out in the attached declaration of Subir Majumdar dated May 28, 2008.

Date: New York, New York
      May 28, 2008

                                      Respectfully submitted,

                                      BLANK ROME LLP

                                      By: /s/ Jeremy Harwood
                                          Jeremy J.O. Harwood
                                          405 Lexington Avenue
                                          New York, New York 10174
                                          (212) 885-5000
                                          *Attorneys for Plaintiff*

BLANK ROME LLP
Attorneys for Plaintiff
THE SHIPPING CORPORATION OF INDIA LTD.
Jeremy J. O. Harwood (JH 9012)
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SHIPPING CORPORATION OF INDIA, LTD.,<br><br>Plaintiff,<br><br>-against-<br><br>JALDHI OVERSEAS PTE LTD.,<br><br>Defendant. | 08 Civ. 4328 (JSR) |

## DECLARATION OF SUBIR MAJUMDAR UNDER INDIAN LAW

I, Subir Majumdar, declare under penalty of perjury:

1. I am a partner of the firm of Bose & Mitra, Solicitors and Advocates, with offices at 6, Old Post Office Street, Temple Chambers, 1st Floor, Calcutta – 700001, India. I was admitted as a solicitor of the High Court at Calcutta in the year 1970.

2. I submit this declaration of Indian law based upon my personal knowledge of the "wrongful death" claim alleged by JALDHI OVERSEAS PTE LTD. ("Jaldhi") as

683622.00601/6641177v.1

stated in (i) its "Motion for Counter-Security" from The Shipping Corporation of India ("SCI") in this matter, dated May 22, 2008 (the "Claim").

3.  Jaldhi's counter-claim for $1 million in respect of its potential liability to the heirs/estate of the deceased crane operator, Sri Monoranjan Bera (the "Deceased") is stated in the declaration of Jaldhi's Amit Oza dated May 22, 2008 ("Oza Dec.").

4.  Mr. Oza states:

> 4.1  According to the statement taken from the Watch Foreman at the Haldia dock complex, the crane driver who was operating the Vessel's No. 1 crane had over 15 years experience operating cranes. At the time the crane collapsed the grab bucket was empty and the crane was slewing outboard to take another load, when it fell. Unfortunately, the crane driver was seriously injured during the crane collapse and subsequently died.
>
> 4.2  Under clause 8 of the Charter Defendant was required to "*load, stow, and trim*, tally, lash, secure and discharge *the cargo at their expense*". The employment of stevedores and crane operators was carried out for and on behalf of the Defendant. Accordingly, Defendant is potentially liable for any wrongful death claims which may be brought by the estate of the Indian crane operator against the Defendant.
>
> 4.3  Defendant claims $1,000,000.00 as counter-security from Plaintiff for the wrongful death of the crane operator.

[emphasis in original]

### THE ACCIDENT

5.  I attach as Exhibit 1 hereto a true copy of a letter from Kolkata Port Trust, Haldia Dock Complex ["HDC"] dated March 30, 2008 addressed to the Master of the M/V RISHIKESH (the "Vessel") which states in material part:

2

683622.00601/6641177v.1

Bera, CDODF of Haldia Dock Complex on board M.V. Rishikesh at Berth No. 5," and stating, in material part:

> Sub: Accidental death of Sri Monoranjan Bera, CDODF of Haldia Dock Complex on board M.V. Rishikesh at Berth No. 5
>
> Ref: Letter no. GCB/TO/SM.V. Rishikesh/1924 dated 30.03.2008 addressed to you [Ex. 1]
>
> Kindly refer to the letter sent by the Asst. Manager (Sh & CH), G.C. Berth, Haldia Dock Complex, quoted above.
>
> In the above connection, please note that the aforesaid incident has taken place due to the collapse of the ship's crane leading to the unfortunate death of Sri Monoranjan Bera, CDODF of Haidia Dock Complex for which as master of the vessel, you are responsible.
>
> Therefore, <u>you have to accept the liability for the accidental death</u> of Sri Bera, CDODF <u>and consequential loss to his family</u> as well as loss to the Port Authority.
>
> <u>You are requested to accept the liability in writing</u> failing which the Port Authority will not give you any clearance to commence the repairing work of the ship.
>
> Your early action is solicited.

[emphasis added]

    9.    I attach as Exhibit 4 hereto a true copy of SCI's letter dated April 3, 2008 addressed to HDC in response to its April 2 letter (Ex. 3) and stating, in material part:

> With reference to your letter no. MTO/S/07-2243/434 dated April 02, 2008; <u>we hereby confirm our agreement to pay death compensation to the legal heirs of the deceased Sri. Monoranjan Bera in respect of the above matter, as may be found due by us under the provisions of the applicable law.</u>

[emphasis added]

# EXHIBIT 1



**KOLKATA PORT TRUST**
**HALDIA DOCK COMPLEX**
Office of The Asst. Manager (Sh & CH)
Traffic Operations (Sh & CH) Division
General Cargo Berth

An ISO 9001: 2000 Organisation

Telefax: 91 3224 252404
Telephone: 91 3224 217031
e-Mail: sudipto@haldock.wb.nic.in

No. GCB/TO/S/M. V. Rishikesh/1924                              Date: 30.03.2008

The Master
M. V. Rishikesh
Berth No 5
Haldia Dock

Dear Sir,

Sub: Accident at Crane No 1 of M. V. Rishikesh [VON-07-2243]

At about 19:05 Hrs on date, while loading Iron Ore, Crane No. 1 of your vessel suddenly uprooted from pinion and entire upper part of the crane including boom and Operator's Cabin fell down at the forward edge of Hatch No 1. At the time of incident, Sri Monoranjan Bera, Crane Derrick Operator Cum Derrick Fitter of Haldia Dock Complex, was operating the crane. When Operators' Cabin hit the edge of Hatch No 1, Sri Bera fell down on deck from the Operators' Cabin and sustained severe injury. Immediately Sri Bera was sent to the Port Hospital where he was declared 'Brought Dead' at about 19:35 Hrs on date.

Please be informed that this office holds your ship solely responsible for the incident mentioned above and all the consequences arising thereof. Please note that cargo operation of the vessel will remain suspended till such time an enquiry is carried out by Dock Safety officials under Directorate General, Factory Advice Service & Labour Institutes. You are also held responsible for all the consequential losses to the port, the shipper and family of the deceased employee. Please note that all financial liabilities arising out of the aforesaid incident including compensation payable to the family of the employee by the port will be on your account.

Thanking you,
Yours sincerely,

(Sudipta Banerjee) 30/03/08
Jr. Asst. Manager (Sh & CH)
For Asst. Manager (Sh & C)
General Cargo Berth

CC:
√ M/s. The Shipping Corporation of India Ltd. Haldia
√ M/s. Devi Shipping Agency, Haldia
√ The Manager (Sh & CH), HDC
√ The Manager (Admn.), HDC
√ The Manager (P & IR), HDC

# EXHIBIT 2

# EXHIBIT 3

|  | | Index : Form BC 009 |
|---|---|---|
| [SCI emblem] | THIRD PARTY DAMAGE REPORT | Page : 1 of 1 |
|  |  | Prep. : JVS, AVB |
|  |  | Appr. : SBK |
|  |  | Date : 01.10.2004   Rev : 01 |

### The Shipping Corporation Of India Ltd.

(Report to be prepared in triplicate)

M.V. __RISHIKESH (HALDIA)__

Port __KOLKATA__    Pier/Dock __BERTH No. 5__    Berth __No 5.__

Report No. __03/07__  Date __31.03.2008__

Date and Time of Accident __1905 HRS ON 30.3.2008__

Location of Accident on Vessel __CRANE No. 1 BASE OF BEARING SHEARED OFF AND CABIN & MACH SPACE FELL ONTO MAIN DECK__

Apparent Cause of Accident __DUE TO OUTER CAGE BEARING OF THE SLEW UNIT SHEARED OFF AND NUTS + BOLTS BROKEN.__

Extent of Damage __CRANE BOOM FALLEN ON JETTY AND SEVERELY BENT, GRAB FALLEN ON JETTY. HATCH COVER WHEELS SHEARED OFF. ALSO RUNNER WIRE PARTED__

Name of Stevedore Co. or Vessel Involved __HALDIA DOCK COMPLEX__

Identity of Persons Involved __2ND OFFICER__

Witness Signature: [signature]    Name: __BISHAJIT MANNA.__

Address: __SCI, Mumbai - 21.__

Log Book Abstracts are attached hereto:

[signatures]
Master    Ch. Officer    Ch. Engineer Officer

The above described damage has been noted.    **MASTER**
Signing is not an admission of liability.    **M.V. RISHIKESH** We acknowledge Receipt of this TPD Report. We admit/deny liability for the above described damage

Name of Stevedores Representative

For the Stevedores

Designation: ____

RECEIPT ACKNOWLEDGED.

Signature
Date:

Master's Remarks: __Received only. Containers are not verified__ [signature] at 1750hrs
__for Devi Shipping Agency__

### The Shipping Corporation of India Ltd.

# EXHIBIT 4



**The Shipping Corporation Of India Ltd.**

Ref no. SCI/TOWER/HAL/RSKS/08

Haldia
**02/04/08**

To,
The Manager (SH & CH),
Haldia Dock Complex.
Haldia.

Dear Sir,   **Reg: Death compensation of
Deceased Sri Monoranjan Bera**

With reference to your letter no. MTO/S/07-2243/434 dated April 02, 2008; we hereby confirm our agreement to pay death compensation to the legal heirs of the deceased Sri. Monoranjan Bera in respect of the above matter, as may be found due by us under the provisions of the applicable law

Thanking you.

Yours faithfully,

S. Bandyopadhyaya
02-04-2008
(S.Bandyopadhayaya)
Senior Manager I/c
SCI Haldia