**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE SHIPPING CORPORATION OF INDIA LTD.

                Plaintiff,

- against -

JALDHI OVERSEAS PTE LTD.,

                Defendant.

------------------------------------------------------------X

ECF CASE

08 Civ 4328 (JSR)

## VERIFIED ANSWER AND COUNTERCLAIM

Defendant, JALDHI OVERSEAS PTE LTD., by its attorneys, Law Offices of Rahul Wanchoo, for its Verified Answer and Counterclaim, upon information and belief, alleges as follows:

1.    Admits that this is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and this Honorable Court, admits that this case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 but, except as so

specifically admitted, denies the remaining allegations in Paragraph 1 of the Amended Verified Complaint.

2.  Admits that Plaintiff is the owner of the M/V RISHIKESH ("Vessel") but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 2 of the Amended Verified Complaint.

3.  Admits the allegations contained in Paragraph 3 of the Amended Verified Complaint.

4.  Admits the allegations contained in Paragraph 4 of the Amended Verified Complaint.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Verified Complaint.

6.  Denies the allegations contained in Paragraph 6 of the Amended Verified Complaint.

7.  Admits the allegations contained in Paragraph 7 of the Amended Verified Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Verified Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Verified Complaint.

11. Admits that the Charter is subject to English law and London arbitration, but except as so specifically admitted, denies the remaining allegations in Paragraph 11 of the Amended Verified Complaint.

## ANSWERING COUNT I – Rule B Relief

12. Defendant repeats and realleges its answers to each and every allegation contained in Paragraphs 1 through 11 as if set out at length in this paragraph.

13. Admits that Plaintiff has obtained a Process of Maritime Attachment and Garnishment from this Court and has attached Defendant's electronic funds transfers passing through New York banks but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of the Amended Verified Complaint.

14. Admits that Defendant does not have a presence within the Southern District of New York, but except as so expressly admitted, denies knowledge or information sufficient to form a belief as to this allegations contained in remaining Paragraph 14 of the Amended Verified Complaint.

### FIRST DEFENCE

15. The Court lacks jurisdiction over the person of Defendant.

### SECOND DEFENCE

16. The Charter provides that all disputes are to be submitted to London arbitration with English law to apply.

17. Defendant expressly reserves the right to arbitrate the merits of the disputes with Plaintiff in London Arbitration pursuant to English law and asserts its counterclaim solely to obtain security for its damages.

### COUNTERCLAIM

18. This counterclaim arises out of the same transactions or occurrences with respect to which the action was originally filed and Defendant has given security to Plaintiff to respond to Plaintiff's alleged damages.

19. Plaintiff is a corporation or other business entity organized and existing under the laws of a foreign country.

20.     Defendant is a corporation or other business entity organized and existing under the laws of a foreign country.

21.     On or about March 12, 2008, Plaintiff and Defendant entered into a Charter for the Vessel for the carriage of a cargo of bulk iron ore from India to China.

22.     The Charter provided that the Plaintiff was to deliver the Vessel "with hull, machinery and equipment in a thoroughly efficient state. Plaintiff delivered the Vessel to Defendant at about 0130 hours GMT on March 29, 2008.

23.     Following delivery, the Vessel was berthed and loading commenced. About six hours into the loading operation, the Vessel's No.1 crane collapsed. The crane collapse seriously injured the crane driver who subsequently died. Following the crane collapse, the Kolkatta Port Trust suspended all loading operations until the entire Vessel's cranes were inspected and Plaintiff had submitted certain documentation to the Port Trust. As a result of the accident and the suspension of the Vessel from Defendant's service, the Defendant placed the Vessel off hire. Furthermore, given the fact that the crane collapse occurred only six hours after the Vessel was delivered to the Defendant, no hire is due under the Charter to the Plaintiff till the Vessel is all fast alongside at the same or similar berth from where she was removed from Defendant's service. Nevertheless, Defendant has paid hire to the Plaintiff in the amount of $1,260,585.00, which is hire for the first fifteen days plus the value of bunkers estimated to be consumed till Singapore.

24.     Under clause 8 of the Charter Defendant was required to "load, stow, and trim, tally, lash, secure and discharge the cargo at their expense". The employment of stevedores and crane operators was carried out for and on behalf of the Defendant. Accordingly, Defendant is potentially liable for any wrongful death claims which may be brought by the estate of the Indian

crane operator against the Defendant. Defendant claims $1,000,000.00 as counter-security from Plaintiff for the wrongful death of the crane operator.

25.    Clause 4 of the subject Charter provides for hire to be payable at the rate of $80,000/day. It is Defendant's case that Plaintiff is liable for breaches aforesaid by way of damages at large for losses of the Defendant. Notwithstanding the fact that the Vessel is off hire and no hire is payable by the Defendant from when the accident occurred till date, Plaintiff has attached Defendant's funds as security for hire until 28th May 2008 in the total amount of $3,503,510.00. Plaintiff is not entitled to hire for this period as the evidence clearly establishes that the Vessel was unseaworthy and deficient with respect to its loading equipment resulting in the tragic and unfortunate death of the crane operator. In the circumstances, Defendant claims counter-security in the same amount for which Plaintiff has obtained security by way of attachment of Defendant's funds in the amount of $3,503,510.00

27.    Defendant had employed the Vessel for the carriage of a cargo of about 50,000 metric tons iron ore to China. The shippers of the cargo are Messrs. Rashmi Metaliks Ltd., Rashmi Group, Kolkatta. The Charter provided for a laycan of 20th March/5th April 2008, which the Vessel achieved. However, the failure of the Vessel to load the said cargo to date because of the Plaintiff's breach has resulted in the shippers alleged losses of around $2 million which they say are recoverable from the Defendant. In the event Defendant is held liable to the shippers for the loss of profit claim, Defendant will claim indemnity from the Plaintiff for such losses which resulted from Plaintiff's breach of the Charter. Accordingly, Defendant claims counter-security for the shipper's loss of profit claim in the amount of $2,000,000.00.

28.    Defendant, by reason of the premises, has sustained damages, no part of which has been paid, in the amount of $7,764,095.00.

29. Interest, costs and attorneys' fees are regularly awarded to the prevailing party in proceedings in London arbitration pursuant to English law.

30. The total amount sought as counter-security through the assertion of this counterclaim is calculated as follows:

    (i) Principal claim for wrongful death, charter hire and loss of profit in the amount of $7,764,095.00

    (ii) Estimated interest on the hire and bunkers paid of $1,260,585.00 for three years at the rate of 7% compounded 3-monthly in the amount of $291,749.00

    (iii) Estimated attorneys' fees and expenses in the amount of $450,000.00

    (iv) For a total counterclaim in the amount of $8,505,844.00

31. On May 7, 2008, this Court issued an Ex Parte Order of Maritime Attachment.

32. Thereafter, the Clerk of the Court issued Process of Maritime Attachment and Garnish of any assets of Defendant in the hands of The Bank of New York, Bank of America, JP Morgan Chase, ABN Amro Bank, American Express Bank, Barclay's Bank, BNP Paribas, Citibank, Deutsche Bank and/or Deutsche Bank Trust Co. Americas, Dresdner Bank AG, HSBC Bank USA, Wachovia Bank, N.A., New York, and UBS.

33. The Process of Maritime Attachment and Garnishment was served upon the garnishee banks and on or about May 14, 2008, assets of Defendant were garnished in the amount of $4,816,218.00.

34. Defendant lacks counter-security for its counterclaim.

35. Defendant brings this counterclaim solely to obtain counter-security for its counterclaim.

36. The charter party provides that any disputes between Plaintiff and Defendant are to be submitted to London arbitration with English law to apply.

6

37. Defendant expressly reserves the right to submit the merits of the disputes between Plaintiff and Defendant to London Arbitration with English law to apply.

WHEREFORE, Defendant prays as follows:

1. That the Court, in accordance with the provisions of Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, direct Plaintiff to post a bond in the usual form in the amount of $8,505,844.00 as security to respond in damages to the claim set forth in the counterclaim;

2. That the Court enter judgment against Plaintiff in the amount of any arbitral award or judgment obtained by Defendant against Plaintiff, plus interest, costs and attorneys' fees;

3. That such judgment, to the extent possible, be satisfied by the security posted by Plaintiff; and

4. That the Court grant Defendant such other further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
       June 1, 2008

                               **LAW OFFICES OF RAHUL WANCHOO**
                               Attorneys for Defendant
                               JALDHI OVERSEAS PTE. LTD.

By: _Rahul Wanchoo_
      Rahul Wanchoo (RW-8725)

## VERIFICATION

Rahul Wanchoo, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am a principal of the firm, Law Offices of Rahul Wanchoo, attorneys for Defendant, and I make this Verification on behalf of Defendant.

2. I have read the foregoing Verified Answer and Counterclaim and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief are communications and documents received from the Defendant and London solicitors for Defendant and an examination of the papers relating to the matters in suit.

4. The reason that this Verification is made by the undersigned, and not by Defendant, is that Defendant is a foreign corporation or other business entity, no officer or director of which is presently within this District.

Dated: New York, New York.
June 1, 2008

I declare under penalty of perjury that the foregoing is true and correct.

_____
Rahul Wanchoo