**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SHIPPING CORPORATION OF INDIA, LTD.,

        Plaintiff,

-against-

JALDHI OVERSEAS PTE LTD.,

        Defendant.

08 Civ. 4328 (JSR)

---

## NOTICE OF CROSS-APPEAL

PLEASE TAKE NOTICE THAT Defendant, JALDHI OVERSEAS PTE. LTD., ("Jaldhi") hereby cross-appeals to the United States Courts of Appeals for the Second Circuit from the Memorandum Order of Jed. S. Rakoff, U.S.D.J. dated June 27, 2008 entered in this action on June 27, 2008, Ex. A hereto; and any judgment entered thereon denying Jaldhi's motion for counter-security.

Date:  New York, New York
       July 25, 2008

Respectfully submitted,

Law Offices of Rahul Wanchoo
Attorneys for Defendant

By _Rahul Wanchoo_
   Rahul Wanchoo

To:   Clerk of the Court
      United States District Court
      for the Southern District of New York
      500 Pearl Street
      New York, NY 10007


      Jeremy J.O. Harwood, Esq.
      405 Lexington Avenue
      New York, New York 10174
      (212) 885-5000
      Attorneys for Plaintiff

## AFFIDAVIT OF SERVICE BY FEDEX

STATE OF NEW JERSEY        )
                           ): ss.:
COUNTY OF BERGEN           )

    The undersigned being duly sworn, deposes and says:

    That deponent is not a party to the action, is over 18 years of age. That on July 25, 2008, I served a true copy of the NOTICE OF CROSS-APPEAL by overnight courier upon:

        Jeremy J.O. Harwood, Esq.
        405 Lexington Avenue
        New York, New York 10174
        (212) 885-5000

                                                  */s/ Rahul Wanchoo*
                                                    Rahul Wanchoo

Sworn to before me this
25th day of July, 2008

*/s/ Masha Elelman*
Notary Public

        Masha Elelman
        Notary Public
      State of New Jersey
  My Comm. Expires Nov. 15, 2011

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THE SHIPPING CORPORATION OF INDIA,  :
LTD.,                               :
                                    :    08 Civ. 4328 (JSR)
             Plaintiff,             :
                                    :    MEMORANDUM ORDER
        -v-                         :
                                    :
JALDHI OVERSEAS PTE LTD.,           :
                                    :
             Defendant.             :
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-27-08

JED S. RAKOFF, U.S.D.J.

    In this maritime action, defendant Jaldhi Overseas PTE Ltd. ("Jaldhi") moves (1) to vacate those portions of the attachment of property by plaintiff The Shipping Corporation of India, Ltd. ("SCI") that consist of those electronic funds transfers ("EFTs") from third parties of which Jaldhi was the intended beneficiary but not yet the recipient, and (2) for counter-security for any putative recovery by Jaldhi on Jaldhi's counterclaims against SCI.  For the reasons set forth below, Jaldhi's motion to vacate portions of SCI's attachment is granted, but the vacatur is stayed for 90 days so that SCI can pursue interlocutory appeal; and Jaldhi's motion for counter-security is denied.

    As this Court has previously explained, an attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims only applies to a defendant's property, and EFTs directed by third parties to a defendant do not become the defendant's property until the transfer is completed.  See Seamar Shipping Corp. v. Kremikovtzi Trade Ltd., 461 F. Supp. 2d 222 (S.D.N.Y. 2006).  Hence, those EFTs from third parties that were

attached before the transfer to the intended beneficiary, Jaldhi, had been completed cannot be attached pursuant to Rule B, and their attachment must be vacated.

Recognizing that this outcome was likely in light of Seamar, a decision of this Court with which some other courts have disagreed, see Compania Sudamericana de Vapores S.A. v. Sinochem Tianjin Co., No. 06 Civ. 13765, 2007 WL 1002265, *4 (S.D.N.Y. Apr. 4, 2007) (collecting cases), SCI's counsel, at oral argument of this motion, see transcript, 6/25/08, requested that the Court, if it granted vacatur, certify the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay the vacatur pending such appeal. Because the determination to vacate the attachment clearly "involves a controlling question of law as to which there is substantial ground for difference of opinion," and because "an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), the Court hereby certifies the vacatur for interlocutory appeal and stays the vacatur for 90 days so that plaintiff can pursue such an appeal on an expedited basis.

As to Jaldhi's motion for counter-security, however, the Court denies the motion because SCI has immunity from pre-judgment attachment under the Foreign Sovereign Immunity Act, 28 U.S.C. §§ 1602-1611.

SCI asserts that it is an instrumentality of the Government of India, see, e.g., Williams v. The Shipping Corp. of India, 653 F.2d 875, 876 (4th Cir. 1981), and hence entitled to immunity from

suit except to the extent waived. SCI admits that, by bringing this action, it has waived its immunity from counterclaims, at least in the circumstances here presented. See § 1607(b)-(c); transcript, 6/25/08.

The Second Circuit, however, treats pre-judgment security for claims against a sovereign as a form of "attachment." See, e.g., British Int'l Ins. Co. v. Seguros La Republica, S.A., 212 F.3d 138, 141-42 (2d Cir. 2000); Stephens v. Nat'l Distillers & Chem. Corp., 69 F.3d 1226, 1229-30 (2d Cir. 1995). 28 U.S.C. § 1609 grants immunity from attachment to a sovereign instrumentality, subject only to the exceptions set forth in 28 U.S.C. §§ 1610 and 1611. But the only such exception to pre-judgment attachment predicated on waiver requires that such waiver be made "explicitly." § 1610(d)(1). Unlike a waiver of a foreign state's immunity from attachment in aid of execution, which can be waived implicitly, "the immunity from prejudgment attachment [under § 1610(d)] can be waived only by unmistakable and plain language." S&S Mach. Co. v. Masinexportimport, 706 F.2d 411, 416 (2d Cir. 1983) (second emphasis added). "[A] waiver of immunity from prejudgment attachment must be explicit in the common sense meaning of that word: 'the asserted waiver must demonstrate unambiguously the foreign state's intention to waive its immunity from prejudgment attachment in this country.'" Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 261 (2d Cir. 2003) (quoting S&S Mach., 706 F.2d at 416); see also Libra Bank Ltd. v. Banco Nacional de Costa Rica, S.A., 676 F.2d 47, 49 (2d Cir. 1982). Neither SCI's susceptibility to counterclaims

3

under § 1607 nor SCI's attachment of Jaldhi's funds amounts to an "unmistakable," "clear and unambiguous" waiver of SCI's immunity to pre-judgment attachment, and hence Jaldhi's motion for counter-security must be denied.

Accordingly, the Court hereby (a) grants Jaldhi's motion to vacate that portion of the funds attached by SCI that consists of EFTs still en route to Jaldhi, stays the vacatur for 90 days, and certifies that portion of this Memorandum Order for interlocutory appeal; and (b) denies Jaldhi's motion for counter-security. The Clerk of the Court is directed to close document number 7 in the Court's docket.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 27, 2008